### TANNER v. PROVO RESERVOIR CO. et al.

No. 6063.   Decided June 6, 1940.   (103 P. 2d 134.)

For former opinion, see 99 Utah 139, 98 P. 2d 695.

*A. V. Watkins* and *A. L. Booth,* both of Provo, *A. J. Evans,* of Lehi, and *Elias Hansen,* of Salt Lake City, for appellants.

*Christensen, Straw & Christensen,* of Provo, for respondent.

WOLFE, Justice.

Plaintiff contends that the holding of this Court on several points was erroneous. We have carefully re-examined the questions raised and have concluded that, although our opinion in one particular confirmed an erroneous ruling regarding the so-called Wright Waters the error was not material and consequently the result reached must stand.

In brief, plaintiff's complaint is that the holding of the trial court regarding the Wright Waters bound him under the terms of the decree in No. 2888 Civil and that this Court affirmed such finding, whereas plaintiff, as owner of Certificate 1310, was not a party to No. 2888 Civil and his 1310 rights were not considered or adjudi-

cated therein. Plaintiff is correct in asserting that because of his ownership of the Dixon Waters he is not bound regarding his 1310 rights by the decree in No. 2888 Civil. The lower court was in error in holding that Tanner must recognize that the Wright Waters amount to 6 second feet as determined in No. 2888 Civil for the reason that he (Tanner) now owns and claims 2.52 second feet of transferred water decreed to one, Dixon, in said decree. Tanner as the owner of the Dixon Waters is bound as to them by the terms of No. 2888 because a determination as to amount and ownership of said Waters was properly made in that suit by the District Court which had the owner before it. But Tanner as owner of 1310 Waters is not bound by the terms of the decree in No. 2888 because the amount and ownership of said Waters was not determined in that suit by the District Court and the owner was not before it. Consequently, Tanner was not precluded by reason of his ownership of Dixon Waters from raising in this suit in the trial court the questions of the amount of the appropriation and the amount of run-off of the Wright Waters.

It should be noted that plaintiff does not claim any of the Wright Waters by succession of title. His claim is: That less than 6 feet was validly appropriated by diversion and use on the Wright Ranch in 1870 and that defendant, as successor in interest to the Wright Waters is entitled to only so much water as was originally validly appropriated. Plaintiff maintains that the amount of the appropriation was only approximately 1 second foot. Plaintiff further maintains that 50% of the water diverted onto the Wright Ranch returned to the River as run-off and consequently was available to lower appropriators. From this plaintiff argues that the amount of the Wright Waters of defendant should be reduced by the decree of the District Court in this suit and that the remainder be freed to swell the volume of the River so that the likelihood that there will be enough water in the River to satisfy all appropriators

prior to plaintiff's 1310 right and also satisfy 1310 will be increased.

Because plaintiff neither has, nor claims, any interest in the Wright Waters by succession of title, he could not direct that any of said waters be diverted through the Power Company flume. The Power Company is not a party to this suit but it was a party to No. 2888 Civil and is bound by that decree to let approximately 6 feet of "Wright Water" pass its dam and flow down the natural River bed. A decree in this suit cannot alter the rights and duties of the Power Company or bind it in any way whatever. Therefore, any water, freed by a decree setting a lesser amount as defendant's Wright Waters, would flow down the natural River bed and plaintiff would have to establish his priority to such water flowing in the River bed rather than in the tailrace.

The lower court found in this suit that defendant is entitled to 150 second feet divertible at Heiselts under Certificate 1989 with a priority date of April 16, 1908, and that this right, which includes 20 second feet split off by Application A-1180, is prior and superior to Certificate 1310 under which plaintiff claims. This finding has not been challenged and in consequence, before plaintiff can get any water which flows by the dam, to satisfy his Certificate 1310 there must be in the River below the Power Dam more than enough to satisfy defendant's right to 150 second feet under Certificate 1989 and to satisfy any other rights on the River with priority over Certificate 1310. Plaintiff has made no allegations nor offered proof that Certificate 1989 or any other rights prior to 1310 are being fully satisfied from the flow of the River. We are unable to know from the record under what River conditions any water freed from defendant's present Wright Water appropriation would reach plaintiff to satisfy Certificate 1310. And, if the matter rested on this ground alone, we might be compelled to send it back to the trial court to determine the

amount of defendant's Wright Water Right and to determine whether plaintiff could claim any injury by reason of defendant's diversion of 6 feet as its Wright Waters.

But the question can be resolved on another ground. What was said in our discussion of the Blue Cliff Right regarding estoppel applies also to the Wright Waters. In suit No. 2888 Civil, defendant as owner of the Wright Waters sought an adjudication as against all claimants on the River of the *amount* of said Wright Waters as well as its *priority*. Defendant employed Tanner as an adviser and consultant all during the litigation. One of Tanner's duties was to advise and aid defendant in joining in said suit all parties which had, or might have, claims to water which might be affected by a decree in said suit. Defendant was seeking to set at rest every claim which in any way might impinge on its rights as finally settled in the decree. Knowing this, plaintiff failed to notify defendant of his claim under Application 4306-A which became Certificate 1310. Therefore, while plaintiff's rights under Application 4306-A (Certificate 1310) were not considered in No. 2888 Civil, it was plaintiff himself who was at fault in not asserting them. As adviser to defendant he was bound to direct attention to *all* claims challenging either priority or amount of defendant's claims which might directly or indirectly injure or affect its rights. This he failed to do and thus estopped himself to assert his claims later. The result reached by the lower court, therefore, is correct. Plaintiff, because of his conduct while acting as adviser and employee of defendant, is estopped to challenge the award of 6 second feet in No. 2888 Civil. Plaintiff is estopped to challenge the decree, not because he is bound by reason of his Dixon holdings, but because he failed to disclose his claims when defendant was relying on him and paying him compensation so to do. Plaintiff agrees that the wording of the lower court's decree in this suit is acceptable and according to law. He takes exception only to the finding

as to quantity. We hold that he is estopped to challenge the quantity of the Wright Waters as fixed in No. 2888 Civil and reaffirm our holding that plaintiff cannot complain if defendant elects to transfer its Wright Waters from Heiselt to the tailrace, so long as it claims and diverts as its Wright Waters only that amount which the transfer causes to flow in the tailrace in addition to the amount flowing in it theretofore. Our discussion of other points regarding the Wright Waters is simply by way of clarification.

The other matters set forth in plaintiff's Petition for Rehearing have been carefully considered but we have found no basis on which a rehearing would be justified.

Petition denied.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.